# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-3902

_____

Yvonne H. Smith, Sebrina Martin,    *
Stacey Schroeder, Errold Cangieter,   *
           *
    Appellants,      *
           *
    v.         *
           *
Helena J. Cangieter,      *
           *
    Defendant      *
           *
Alamo Rent-A-Car, LLC, Nissan    *
North America, Inc., Nissan Motor   *
Co., Ltd.,          *
           *  Appeals from the United States
    Appellees,      *  District Court for the
           *  Western District of Missouri.
_____     *
           *
Helena J. Cangieter,      *
           *
    Cross Claimant,     *
           *
    v.         *
           *
Nissan Motor Co., Ltd.,      *
           *
    Cross Defendant,     *
           *
_____     *
           *
Helena J. Cangieter,      *

|                                              |   |
|----------------------------------------------|---|
|                                              | * |
| Cross Claimant,                              | * |
|                                              | * |
| Alamo Rent-A-Car, LLC,                       | * |
|                                              | * |
| Cross Defendant.                             | * |
|                                              | * |

———————

No. 05-3904

———————

|                                              |   |
|----------------------------------------------|---|
| Yvonne H. Smith, Sebrina Martin,             | * |
| Stacey Schroeder, Errold Cangieter,          | * |
|                                              | * |
| Plaintiffs,                                  | * |
|                                              | * |
| v.                                           | * |
|                                              | * |
| Helena J. Cangieter,                         | * |
|                                              | * |
| Appellant,                                   | * |
|                                              | * |
| Alamo Rent-A-Car, LLC, Nissan                | * |
| North America, Inc., Nissan Motor            | * |
| Co., Ltd.,                                   | * |
|                                              | * |
| Appellees,                                   | * |
|                                              | * |
|                                              | * |
|                                              | * |
| Helena J. Cangieter,                         | * |
|                                              | * |
| Cross Claimant/Appellant,                    | * |
|                                              | * |
| v.                                           | * |

Nissan Motor Co., Ltd.,               *
                                             *

      Cross Claimant/Appellee,     *
                                             *

_____       *
                                             *

Helena J. Cangieter,            *
                                             *

      Cross Claimant/Appellant   *
                                             *

Alamo Rent-A-Car, LLC,      *
                                             *

      Cross Claimant/Appellee.    *

_____

Submitted: June 16, 2006
Filed: September 11, 2006

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

After an automobile accident killed four passengers in a rented 1998 Nissan Pathfinder, the decedents' survivors and the injured driver of another car brought this action against Nissan Motor Co., Nissan North America, Alamo Rent-A-Car, and the driver of the Pathfinder, Helena Cangieter. In support of their claims, the plaintiffs offered the expert testimony of Dr. Richard Ziernicki, but the district court[1] found that the testimony did not meet the standards for reliability outlined in *Daubert v. Merrell*

_____

[1]The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

*Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and excluded the evidence. The district court then granted summary judgment in favor of the Nissan Motor Co., Nissan North America, and Alamo Rent-A-Car. The plaintiffs and defendant Helena Cangieter appeal, and we affirm.

## I.

The accident at issue occurred on October 24, 1998, when a rented 1998 Nissan Pathfinder swerved out of the passing lane on eastbound Interstate 70 and spun sideways, entering the median and rolling over into westbound traffic. All four of the Pathfinder's passengers were ejected and killed, and the Pathfinder's driver, Helena Cangieter, was injured. Stacey Schroeder, the driver of a Dodge Neon with which the Pathfinder collided, was also injured. When the accident was investigated, Helena Cangieter did not recall the events of the crash, but she later testified that she had noticed the vehicle "shaking" and "pulling to the left" as she drove it prior to the accident.

After the accident, Yvonne Smith, Sebrina Martin, and Errold Cangieter, all surviving relatives of the Pathfinder's passengers, and Schroeder, the driver of the Dodge Neon, sued Nissan, Alamo, and Helena Cangieter alleging various state-law claims, including strict liability for failure to warn and for product defect, and negligent supply of a dangerous instrumentality. Helena Cangieter cross-claimed raising similar allegations. The plaintiffs alleged, *inter alia*, that the Pathfinder had design defects that caused it to become unstable while in four-wheel drive, and that the defects caused the car brakes to lock and the vehicle to skid and roll over.[2]

---

[2]The plaintiffs also claimed that the front passenger restraint system and back latch of the Pathfinder were defective and that the back seat belts were defectively designed, but they do not appeal the district court's rulings with regard to those claims.

The plaintiffs offered the report of a mechanical engineer, Richard Ziernicki, Ph.D., who submitted two reports offering an opinion about the safety of the Pathfinder's four-wheel drive system. According to Ziernicki, the "use of four-wheel drive on dry, asphalt roadways results in dynamic instability of part-time four-wheel drive vehicles during steering and braking maneuvers, especially at highway speeds." He opined that the "dynamic instability of the vehicle described by Ms. Cangieter and her eventual loss of control are consistent with the type of stability problems that would be experienced while driving in four-wheel drive on dry asphalt at highway speeds." (Pls.' App. at 167). Ziernicki explained that "[p]art-time four-wheel drive systems . . . mechanically lock[] the front drive shaft to the rear drive shaft," thus "transfer[ring] power from the drive axle to the non-driven axle and forc[ing] the front wheels to rotate at the same average velocity as the rear wheels." (*Id.* at 195). In Ziernicki's opinion, this can cause problems because "when turning, vehicle and roadways geometry requires all four wheels to turn at different velocities." (*Id.*). While "[o]n low-traction surfaces, . . . the wheels can slip," on "dry pavement and other high traction surfaces the wheels do not slip easily and the mechanical requirement that the wheels turn at the same rate fights against the geometric requirement that the wheels rotate at different rates during a turn," resulting in "jerky, erratic handling" during turns. (*Id.*).

Ziernicki further opined that "[t]o a driver like Helena Cangieter . . . who had limited experience with this rental vehicle, this varying vehicle behavior would be confusing," and in his opinion, "erratic and variable vehicle handling likely confused [Cangieter] and caused the vehicle to react unexpectedly to [her] steering inputs, leading to vehicle instability and rollover." (*Id.* at 196). In addition, he noted that the "warnings, cautions, and other instructions in the vehicle and the user's manual are defective due to their inadequate warning to operators of dynamic instabilities caused by operating in four wheel drive and the potentially severe consequences of those instabilities." (*Id.* at 167). Ziernicki's report also offered an opinion about the design

of the front passenger restraint system, the back hatch door latch, and the rear seatbelts.

The defendants moved in limine to exclude Ziernicki's testimony, and the district court held a hearing to consider whether the evidence met the standards for scientific reliability outlined in Federal Rule of Evidence 702 and *Daubert*. After hearing from Ziernicki and considering his report, the district court considered each category of evidence separately but concluded that in each area, the lack of testing, peer review, or acceptance by the scientific community undermined the reliability of Ziernicki's opinion. With respect to the safety of the part-time four-wheel drive system in particular, the court acknowledged that there was no dispute that during a turn in the operation of the four-wheel drive system, the wheels travel different distances, causing "[s]lippage of the tire with the least traction." (R. Doc. 461, at 4). The court found, however, that scientific evidence was lacking to show the "effect the slippage has on control of the vehicle" and whether slippage "renders the vehicle unsafe, and if so, at what speed." (*Id.*).

Shortly after concluding that Ziernicki's opinion should be excluded, the court considered Alamo Rent-A-Car's motion for summary judgment. The court concluded that the three claims against Alamo – for failure to warn, negligently supplying a dangerous instrumentality, and breach of implied warranty of fitness – should be dismissed because the plaintiffs and cross-claimant had not come forward with any admissible evidence that the Pathfinder was defective. Nissan Motor Co. and Nissan North America also moved for summary judgment, arguing that the plaintiffs and cross-claimant had not put forth any admissible evidence to show that the Pathfinder was defective or that any defect caused the fatal accident. The district court granted that motion as well.[3]

---

[3]The plaintiffs and Helena Cangieter moved for reconsideration, or amendment of the entry of summary judgment, or to amend their complaint to assert a claim that defendant Alamo was vicariously liable for Helena Cangieter's negligence. The

II.

The issue on appeal is whether the district court erred in excluding the plaintiffs' proffered evidence regarding the stability and handling of the Nissan Pathfinder in four-wheel drive at highway speeds on dry pavement, and concerning the adequacy of the Pathfinder's warnings on the same question. We review the district court's exclusion of the evidence for abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142-43 (1997).

Testimony by a qualified expert that bears on "scientific, technical, or other specialized knowledge" that "will assist the trier of fact to understand the evidence or to determine a fact in issue" is admissible under Rule 702 if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. This rule imposes a gatekeeping responsibility on the district court to consider the reliability of the evidence before determining that it is admissible. *Daubert*, 509 U.S. at 589. Factors that the district court should consider include: (1) whether the theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether the theory or technique has a known or potential error rate and standards controlling the technique's operation; and (4) whether the theory or technique is generally accepted in the scientific community. *Id.* at 592-94.

In considering Ziernicki's opinion that the stability and handling of the Pathfinder renders it dangerous at highway speeds on dry pavement, the district court acknowledged that no one had questioned Ziernicki's qualifications, but only the reliability of his methodology in reaching his conclusions. The court also noted that

plaintiffs and Cangieter renewed this claim in their appeal briefs, but abandoned it at oral argument.

-7-

Ziernicki had cited to peer-reviewed articles indicating that part-time four-wheel drive systems can cause slippage and loss of traction, and believed that those principles were undisputed. For Ziernicki's conclusion that the Pathfinder was therefore dangerous, however, the court found similar evidence lacking. Ziernicki had neither driven a similar vehicle at high speeds on dry pavement, nor cited to any other comparable testing or published research on "the extent of the degradation in handling or the stage at which the vehicle becomes dangerous to operate or even difficult to handle." (R. Doc. 461, at 4). Because the effect of a loss of traction on handling and safety had not been established, the district court excluded the evidence.

On appeal, the plaintiffs and cross-claimant argue that the district court's analysis was legally flawed, because it focused on Ziernicki's conclusions rather than his methodology. But the Supreme Court has noted that "conclusions and methodology are not entirely distinct from one another." *Joiner*, 522 U.S. at 146. Where "opinion evidence . . . is connected to existing data only by the *ipse dixit* of the expert," a district court "may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Id.*

That is essentially the case here, where the agreed-upon fact that a loss of traction can occur with part-time four-wheel drive was simply not linked to the conclusion that the Pathfinder's four-wheel drive system was therefore unsafe at highway speeds. Ziernicki did not offer the results of any testing to demonstrate that his theory was accurate, and where there is no testing, there cannot be a known rate of error for the district court to consider. *See Peitzmeier v. Hennessy Indus., Inc.*, 97 F.3d 293, 298 (8th Cir. 1996). Ziernicki did not present accident data, produce tests performed by others, or perform his own mathematical calculations in an attempt to predict the effects of the loss of traction. His approach had not been scrutinized by the scientific community, and there were no peer-reviewed articles in support of his opinion. *See Daubert*, 509 U.S. at 593.

The plaintiffs argue that Ziernicki's opinion on safety was in fact supported by seven exhibits that they offered to demonstrate the theory's acceptance in the relevant scientific community: a Pathfinder Owner's Manual, excerpts from books entitled *Automotive Technology* and *Auto Fundamentals*, information about a product intended to reduce slippage in Toyota Landcruisers, the patents from a Four-Wheel Drive Transfer Case and an All Wheel Drive System, and an informational website. None of these exhibits, however, embodies any testing, accident data, or peer-reviewed analysis that might bolster Ziernicki's opinion. None of them explains in any detail why or how the loss of traction renders a vehicle engaged in part-time four-wheel drive unsafe, and many do not explicitly address safety at all. Only one exhibit – the informational website – explicitly suggests that a part-time four-wheel drive system like the one in the Pathfinder is unsafe. But the record includes no information about the qualifications of the author of the website, and the website information does not explain whether the conclusions are premised on any scientific method. Despite Ziernicki's view that the four-wheel drive system is essentially the same in all part-time four-wheel drive vehicles, the plaintiffs cite no testing, accident information, or scientific literature demonstrating a safety problem in any other instance.

Appellants highlight the Nissan Owner's Manual, which contains a passage that states: "The 4H position provides maximum power and traction. Avoid excessive speed, as it will cause loss of traction. Speed over 50 MPH (80 km/h) in 4H is not recomend[ed]." (Appellees' App. at 250). The manual elaborates, however, by saying that "[d]riving on dry hard surfaces in 4H or 4L may cause unnecessary noise and tire wear." (*Id.*). It does not suggest that highway speeds or the loss of traction will cause the vehicle to be unsafe. The manual thus does not bridge the gap between the undisputed potential for loss of traction and Ziernicki's conclusion that the part-time four-wheel drive system was unsafe at highway speeds.

For these reasons, we conclude that the district court did not abuse its discretion in determining that Ziernicki's opinion that the Pathfinder is unsafe at highway speed

on dry pavement does not meet the reliability requirements of Rule 702. It follows that the district court was also within its discretion to exclude Ziernicki's opinions regarding the necessity of warnings about the Nissan Pathfinder's allegedly dangerous condition at high speeds. Where there is insufficient evidence to support a claim that the product is defective, there is no duty to warn of the alleged defect.

The judgment of the district court is affirmed.

_____